**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**The HALSEY W. TAYLOR COMPANY, Respondent.**

**No. 15906.**

United States Court of Appeals Sixth Circuit.

March 3, 1965.

The facts as found by the Trial Examiner and adopted by the Board's Decision and Order are as follows:

"Keith Weekley was employed by the Respondent in its packing department from September 1962, until March 28, 1963. On that date he was discharged by Howard O. Bartlett, vice president of Respondent, for insubordination.

"According to Weekley on the day before his discharge he had been working when another employee, James Bartlett, remarked to him their foreman, Paul Currington, was working. Currington heard the remark and came over to Weekley and asked what harm it did for him to work and also asked how he (Weekley) would like to stand around for 8 hours doing nothing. Weekley's reply was that he had not made the remark but that he would probably enjoy doing nothing. About 5 minutes later Weekley passed Currington on his way to the restroom and told him that he had mentioned to the classifier that he (Currington) was stealing work from the other employees in the department.

"Currington reported this conversation with Weekley and directly as a result of it Weekley was discharged the next day by Bartlett. According to Weekley, and I credit his testimony, Bartlett told him, when he asserted that his work record was good, 'That work record had no basis to it. I was insubordinate. The only reason I was arguing with the foreman that I was trying to secure more overtime for the men and myself.'

"Weekley had been a member of the Steelworkers' Organizing Committee during its campaign to become bargaining representative of the plant during October and November of 1962. During this period and thereafter Weekley had conversations with other employees regarding working foremen since it reduced the work volume for the

George B. Driesen, N. L. R. B., Washington, D. C., Arnold Ordman, General Counsel, Dominick L. Manoli, Associate, General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Melvin Pollack, Attorney, N. L. R. B., Washington, D. C., on brief, for petitioner.

James W. Frey, Warren, Ohio, Hoppe, Day & Ford, Warren, Ohio, of counsel, for respondent.

Before MILLER and EDWARDS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

Several months after an unsuccessful attempt at union organization at respondent's Warren, Ohio, plant, one of its employees was fired. This man had been a member of the Steelworkers' Organizing Committee which had lost a representation election the preceding fall.

Respondent claimed that the discharge was occasioned by "insubordination." The NLRB found that the discharge resulted from the employee "engaging in concerted activity for mutual aid and protection"; that such activity was protected under the National Labor Relations Act and ordered reinstatement and backpay.

employees and necessarily reduced their overtime. Weekley agreed that he would speak to his foreman, Currington, when he observed him working." (Footnotes omitted.)

As we have noted, Weekley had been a member of the unsuccessful Steelworkers' Organizing Committee. The origination of the complaint which led to Weekley's voicing of a grievance did not come from him but from a fellow employee. The foreman heard this conversation and knew how the complaint originated. Weekley's testimony was not rebutted when he asserted that he was discharged by respondent's vice president because "The only reason I was arguing with the foreman that I was trying to secure more overtime for the men and myself." Weekley's assertion that his foreman had told him that he was the best workman in the packaging department was also undisputed.

We are not concerned in this case with the merit or lack of merit of Weekley's grievance. But it is clear that Sec. 7 protects his right to utter it as a matter of concerted activity with other employees for mutual aid.

"§ 157. *Right of employees as to organization, collective bargaining, etc.*

"Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all of such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in Section 158(a) (3) of this title." 29 U.S.C. § 157.

We believe this total record provides ample evidence from which the Board could have arrived at the conclusion that Weekley was fired for engaging in concerted activity protected by Sec. 7 of the NLRA, 29 U.S.C. § 157, and that the discharge was in violation of Section 8 (a) (1) of the NLRA, 29 U.S.C. § 158(a) (1). Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

The petition for enforcement of the order of the Board is granted