## NATIONAL LABOR RELATIONS BOARD, Petitioner,

### v.

## DIFCO LABORATORIES, INC., Respondent.

### No. 19899.

United States Court of Appeals,
Sixth Circuit.

May 19, 1970.

Charles R. Both, National Labor Relations Board, Washington, D. C., for petitioner; Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Peter Ames Eveleth, Nan C. Bases, Attys., National Labor Relations Board, Washington, D. C., on the brief.

Thomas H. Schwarze, Detroit, Mich., for respondent; Leonard A. Keller, Frederick B. Schwarze, Keller, Thoma, McManus & Keller, Detroit, Mich., on the brief.

Before WEICK, EDWARDS and COMBS, Circuit Judges.

PER CURIAM.

The National Labor Relations Board here petitions for enforcement of its order, finding that the company had violated § 8(a) (1) of the National Labor Relations Act, 29 U.S.C. § 158(a) (1) (1964), by threatening "disciplinary" measures against strikers and by firing two of the persons who honored a picket line conducted by the United Automobile Workers. Neither of the persons discharged was a member of the UAW, but both were members of the Oil, Chemical & Atomic Workers Union and one was steward for that union in the laboratory of the struck plant where both worked.

Respondent claims that there is no showing of antiunion bias on the part of the company, either in the language used or in the two discharges, and argues that the two discharges were justified by

the prior absences of one of the employees and by the abrupt departure from work of the other.

■ There was, however, substantial evidence from which the Board could have found that both discharges were directly related to these two employees' refusal to cross the United Automobile Workers picket line and that since respondent was "primary employer" of all of the employees involved, the discharges resulted from concerted activity protected by the NLRA.

In Houston Insulation Contractors Ass'n v. NLRB, 386 U.S. 664, 87 S.Ct. 1278, 18 L.Ed.2d 389 (1967), the Supreme Court said:

> National Woodwork Mfrs., supra, [386 U.S. 612, 87 S.Ct. 1250, 18 L.Ed. 2d 357 (1967)] holds that collective activity by employees of the primary employer, the object of which is to affect the labor policies of that primary employer, and not engaged in for its effect elsewhere, is protected primary activity. 'Congress was not concerned to protect primary employers against pressures by disinterested unions, but rather to protect disinterested employers against direct pressures by any union.' The finding of the Board, supported by substantial evidence, was that Local 113's object was to influence Armstrong in a dispute with Armstrong employees, and not for its effect elsewhere." Houston Insulation Contractors Ass'n v. NLRB, supra 386 U.S. at 668, 87 S.Ct. at 1281. (Footnote omitted.)

■ Nonetheless, respondent contends that under the circumstances of this case, it had a right as an employer to require these two employees, who were not members of the union which struck and picketed at respondent's plant, to cross the picket line on pain of discharge for failure to do so. This court has previously dealt with essentially the same contention in NLRB v. City Yellow Cab Co., 344 F.2d 575 (6th Cir. 1965), wherein we said:

> "The cabdrivers testified that they went on strike and engaged in picketing because they were in sympathy with the demand of the switchboard operators for recognition. The Act protects the rights of employees 'to engage in * * * concerted activities for the purpose of * * * mutual aid or protection.' 29 U.S.C. § 157. N.L.R.B. v. Halsey W. Taylor Company, 342 F.2d 406 (C.A. 6, March 3, 1965).

> "As said by Judge Learned Hand in N.L.R.B. v. Peter Cailler Kohler Swiss Chocolates Co., 130 F.2d 503, 505 (C.A. 2):

> " 'Certainly nothing elsewhere in the act limits the scope of the language to "activities" designed to benefit other "employees"; and its rationale forbids such a limitation. When all the other workmen in a shop make common cause with a fellow workman over his separate grievance, and go out on strike in his support, they engage in a "concerted activity" for "mutual aid or protection," although the aggrieved workman is the only one of them who has any immediate stake in the outcome. The rest know that by their action each one of them assures himself, in case his turn ever comes, of the support of the one whom they are all then helping; and the solidarity so established is "mutual aid" in the most literal sense, as nobody doubts.'

> See also N.L.R.B. v. Greensboro Coca Cola Bottling Co., 180 F.2d 840 (C.A. 4); N.L.R.B. v. Schwartz, 146 F.2d 773 (C.A. 5)

> "In NLRB v. Guernsey-Muskingum Electric Co-op, Inc., 285 F.2d 8, 12 (C.A. 6), this court quoted with approval the following language from N.L.R.B. v. Phoenix Mutual Life Insurance Co., 167 F.2d 983, 6 A.L.R.2d 408 (C.A. 7), cert. denied, 335 U.S. 845, 69 S.Ct. 68, 93 L.Ed. 395:

> " 'A proper construction is that the employees shall have the right to engage in concerted activities for their mutual aid or protection even though

no union activity be involved, or collective bargaining be contemplated * * * [and] a legitimate interest in acting concertedly in making known their views to management without being discharged for that interest.'

See also Salt River Valley Water Users' Association v. N.L.R.B., 206 F.2d 325 (C.A. 9); Annotation, 19 A.L.R.2d 566." NLRB v. City Yellow Cab Co., *supra* 344 F.2d at 582.

In our view the two cases cited above control decision in the instant case and support the findings and order of the Board. *See also* NLRB v. Southern Greyhound Lines, 426 F.2d 1299 (5th Cir. 1970). (Decided 4/20/70).

Finally, whether the UAW did or did not want the two discharged employees to strike obviously has no bearing on their right to do so if they considered such action to be in their own best interest.

Enforcement of the Board's order is granted.