NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

FORD MOTOR COMPANY, Respondent.

No. 80–1752.

United States Court of Appeals,
Sixth Circuit.

Argued March 17, 1982.
Decided July 20, 1982.

**157**

Elliott Moore, Deputy Associate Gen. Counsel, Howard Perlstein, N. L. R. B., Washington, D. C., for petitioner.

Theodore C. Miloch, James Jackson, Dearborn, Mich., for respondent.

Before KEITH and MERRITT, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

PER CURIAM.

This case is before the Court upon application of the National Labor Relations Board ("Board"), pursuant to Section 10(e) of the National Labor Relations Act ("Act"), as amended, 29 U.S.C. § 151, *et seq.*, for enforcement of its order issued on August 11, 1980, against Ford Motor Company ("Company"). The Board's decision and order is reported at 251 NLRB No. 66.

Dennis Siriani and Douglas West have been employed as security guards by the Company since 1974 and 1972 respectively. By 1977, both Siriani and West had been recommended for promotion to supervisory positions. In fact, in October 1977, Siriani was advised by his Section Supervisor that he would probably be promoted if he continued to perform at his present level and continued to pursue his education. However, during this same period, Siriani and West began to voice dissatisfaction with the Company's promotion policies. The employees' dissatisfaction became increasingly notorious within their respective sections. Ultimately supervisory personnel made a series of negative comments about their attitude. Several of the statements indicated unequivocally that neither Siriani nor West would advance within the Company so long as they voiced opposition to Company policy.

On March 1, 1978, Siriani and West filed a grievance under the collective bargaining agreement in effect between the Company and the Plant Protection Association ("Union"). The grievance, *inter alia*, challenged the Company's method of promoting employees to supervisory positions within the guard force. The employees exhausted their remedies under the collective bargaining agreement. Thereafter, on May 3, 1978, the employees filed an unfair labor practice charge with the Board alleging that the Company had threatened, coerced, discriminated and punished them by refusing to promote Siriani and West to supervisory positions. Siriani and West further alleged that the refusal to promote was based on the grievance they had filed and their participation in other "legal charges" against the Company. Consequently, the employees asserted that the Company's refusal to promote constituted a violation of the Act.

In June 1978, the Company promoted guards with less seniority than West and Siriani to supervisory positions. Subsequently, Guard Supervisor Francis Brady compiled a list of potential candidates for promotion to either the clerk or supervisory position. Siriani's and West's names were at the top of the list of seven candidates which Brady listed. On November 1, 1978, the Company promoted two other persons to supervisory positions.

The Board adopted the findings and conclusions of the Administrative Law Judge and held that the Company violated Section 8(a)(1) of the Act. The Board found that Siriani and West were 1) coercively interrogated concerning their intentions to take concerted legal action against the Company with respect to its promotion policies; and 2) threatened with the denial of promotions

if they filed unfair labor practice charges. The Board also found that the Company reprimanded and otherwise harassed Douglas West in retaliation for filing an unfair labor practice charge in violation of Section 8(a)(4) and (1) of the Act. The Board further found that the Company violated Section 8(a)(4) and (3) of the Act by denying West and Siriani promotions to supervisory positions because the employees (1) had filed grievances; (2) had contemplated further legal action in protest of the Company's promotion policies; and (3) had filed an unfair labor practice charge.

The Board issued an order which requires the Company to cease and desist from the unfair labor practices found, and from in any like or related manner interfering with, restraining or coercing employees in the exercise of their protected rights.

The Board ordered the Company to offer supervisory promotions to Siriani and West and make the employees whole for any loss of earnings which they may have sustained by reason of such unlawful denial of their promotions during the months between June and November of 1978.

■ Upon consideration of the argument of counsel, the record and the briefs filed herein, we find that this record contains ample evidence supporting the Board's finding that the Company violated Sections 8(a)(1), (3) and (4) of the Act. Respondent argues that employee grievances against company policies of promotion are not protected activity; thus, management's refusal to promote an employee because of such activities cannot be an unfair labor practice.

■ Promotion policies are terms and conditions of employment which are proper subjects of employee protest. Interference of those rights by an employer is a violation of Section 8(a)(1). *NLRB v. Bell Aircraft Corp.*, 206 F.2d 235 (2d Cir. 1953). When such protest is in the form of a grievance, filing of the grievance is a protected Section 7 activity. *NLRB v. Halsey W. Taylor Co.*, 342 F.2d 406 (6th Cir. 1965). An employer violates Section 8(a)(4) when he or she discharges or otherwise discriminates "against an employee because he has filed charges . . . under the Act." Section 8(a)(3) offers the broader protection of prohibiting an employer from "discrimination in regard to hire or tenure of employment or any term or condition of employment . . . to discourage membership in any labor organization . . . ." The record supports findings that the employer retaliated against employees Siriani and West because of their Union and protected activities by not promoting them to supervisory positions. Ample evidence likewise supports the finding that the employer's assertion that those employees who were promoted were more competent was a mere pretext for retaliation.

The more difficult question arises in the Board order requiring the employer to offer Siriani and West supervisory positions. The Board premises this power on a line of cases beginning with *NLRB v. Bell Aircraft Corp.*, 206 F.2d 255 (2d Cir. 1953). In that case, a Board order of backpay for wages lost when an employee was not promoted to supervisor because of unlawful employer discrimination was enforced even though management had since *voluntarily* promoted the employee.

In *Golden State Bottling Co. v. NLRB*, 467 F.2d 164 (9th Cir. 1973), the Ninth Circuit cites *Bell* to uphold a Board order that an employee who was wrongfully discharged be reinstated in his former position although corporate restructuring had turned that position into a supervisory one. The backpay was awarded on a supervisory scale, which was affirmed by the Supreme Court, 414 U.S. 168, 188, 94 S.Ct. 414, 427, 38 L.Ed.2d 388 (1973).

Finally, the D. C. Circuit analyzed the previous two cases and concluded that an unlawfully discharged "Senior Operator" could be reinstated as a supervisory "Chief Operator" when it was clear that a restructuring pursuant to another Board order during the employee's discharge had turned his position into a supervisory one. *Oil, Chemical and Atomic Workers International Union, AFL–CIO v. NLRB*, 547 F.2d 575 (D.C.Cir.1976).

The obvious distinguishing factor of all of these cases is that at no time was an employer ordered to *promote* an employee to a supervisory position. In *Bell*, the employee was promoted voluntarily, while in *Golden Bottle* and *Oil, Chemical*, the position from which the employee was discharged became supervisory after the discharge. We do not believe that the intent of the Act goes so far as to include Court enforcement of Board orders that require management to promote a specific employee to a position within the supervisor ranks.

In oral argument, NLRB counsel vigorously argued that without such power the Board cannot effectively erase the effects of the discharge. However, we do not see how a line can be drawn so finely to separate the present case from Board power to make management decisions. We are also mindful of footnote sixteen of the *Oil, Chemical* case, which notes that an employee, once reinstated to a supervisory position, is beyond the protection of the Act and may then be discharged for subsequent pro-Union activities. We reiterate, however, that that case involved *reinstatement* into a supervisory position, and not coerced promotion. Here, the Board assumes the managerial responsibility of weighing a wide variety of factors involved in a decision of whether an employee is suitable for a more responsible position with additional duties.

Accordingly, we remand the case with directions that the Board vacate that portion of its order which requires the Company (1) to offer Dennis Siriani and Douglas West supervisory promotions and (2) to make these employees whole for any loss of earnings sustained due to denial of these promotions. We also direct that the Board further amend its order to require the Company to reconsider Siriani and West for supervisory positions, and that the Company employ every reasonable precaution to insure that the reconsideration is untainted by the events which precipitated this action. In all other respects, the Board's order is hereby affirmed and its application for enforcement is granted.