DAVID BABCOCK vs. LABOR RELATIONS COMMISSION
& another.[1]

Suffolk.   October 15, 1982. — November 8, 1982.

Present: KASS, ROSE, & SMITH, JJ.

*Labor,* Unfair labor practice, Discharge for union activity. *Labor Rela-
tions Commission,* Burden of proof.

Discussion of the standard to be applied in evaluating motivation when an
    employer accused of unlawfully discharging an employee for union ac-
    tivity asserts independent, lawful reasons for the discharge, and of the
    burden of proof in such cases. [651-652]
In a proceeding before the Labor Relations Commission, substantial evi-
    dence warranted findings that, although an employee had sustained
    his burden of showing that he was engaged in protected labor union
    activity when he attempted to organize a union and that his employer
    knew of his activity, he had not sustained his burden of showing that
    his discharge was in retaliation for that activity, rather than for violat-
    ing his employer's policy forbidding consumption of alcoholic bever-
    ages while on standby duty. [652-654]

APPEAL from a decision of the Labor Relations Commission.

*Neil Rossman* for the employee.
*Amy L. Davidson* for Labor Relations Commission.
*Robert P. Rodophele* for Electric Light Department of
Groton.

SMITH, J.   David Babcock, formerly an employee of the
electric light department of Groton (department), filed a
charge with the Labor Relations Commission (Commission)
alleging that his termination by the department was a pro-
hibited practice.   After an investigation, the Commission
issued a complaint alleging that the department had dis-
charged Babcock in retaliation for his attempt to organize a
union and for his prior filing of prohibited practice charges

─────────────
[1] Electric light department of Groton.

against the department. In addition, the complaint alleged that the department interfered with, restrained, or coerced Babcock in the exercise of his protected rights.

A formal hearing was conducted and subsequently the Commission, with one member dissenting, issued a decision stating that Babcock had failed to meet his burden of showing that his discharge was in retaliation for his prior protected labor activity. Babcock filed a direct appeal to this court pursuant to G. L. c. 150E, § 11, as amended by St. 1981, c. 351, §§ 243-245. On appeal, Babcock argues that the decision of the Commission was not supported by substantial evidence and that he had successfully rebutted the department's contention that he was fired because of a violation of its policy of forbidding the consumption of alcoholic beverages while at work or on company time.

1. *Standard of evaluation and burden of proof.* The department claimed that it did not discharge Babcock because of his protected activities but because he violated department policy forbidding the consumption of alcoholic beverages while at work or on company time. When an employer accused of an unlawful discharge asserts independent, lawful reasons to discharge its employee, a "but for" test is used to evaluate motivation. *Trustees of Forbes Library* v. *Labor Relations Commn.,* 384 Mass. 559, 563 (1981). *International Bhd. of Police Officers* v. *Labor Relations Commn.,* 11 Mass. App. Ct. 269, 274 (1981). If the employer would not have discharged the employee "but for" his protected activities, the discharge is unlawful and he must be reinstated. If, however, "a lawful cause would have led the employer to the same conclusion even in the absence of protected conduct, the discharge must not be disturbed." *Trustees of Forbes Library* v. *Labor Relations Commn.,* 384 Mass. at 562.

The employee bears the ultimate burden of persuading the Commission by a preponderance of the evidence that the lawful reason asserted by the employer was not the real reason for the discharge. *Id.* at 565-566. The employee, however, may rely upon a prima facie showing to shift to

the employer a limited burden to assert a lawful reason for
its discharge decision and to produce supporting facts indi-
cating that the asserted reason was actually a motive in its
decision to discharge the employee.[2]  The burden of the em-
ployer is one of producing evidence and not one of persua-
sion.  The employee retains the over-all burden of proof.
*Id.* at 565-566, 567.

2. *Review of the evidence.*  Our power to review the
Commission's findings is limited to an examination of the
record to ascertain if the findings are supported by substan-
tial evidence.  See G. L. c. 150E, § 11, incorporating G. L.
c. 30A, § 14.  *Trustees of Forbes Library* v. *Labor Relations
Commn., supra* at 568.  We summarize the facts found by
the Commission.

During the fall of 1979, the Communications Workers of
America (union) began a drive to organize six nonsupervisory
employees of the department.  Babcock, who had begun his
employment with the department in 1974, was a prime or-
ganizer in the union's campaign. Management was aware of
Babcock's activities as a union organizer.  In early Febru-
ary, 1980, the employees voted not to select the union as
their bargaining agent.  After the election, there was no
other organizational activity during the period relevant to
this appeal.

In April, 1980, Babcock filed an unfair labor practice
charge alleging that the department had, because of his
union activities, discriminated against him in its assignment
of vacation time.  In the same month, in response to com-
plaints from within and without the department, manage-
ment posted a memorandum forbidding the consumption of
alcoholic beverages by the employees on company time or
on company premises.  The penalty for noncompliance was
dismissal.  The memorandum specifically stated that it ap-

---

[2] A prima facie showing in an unfair labor practice case "might include
proof that an employee had a generally good work record, that he had en-
gaged in protected activity, and that this activity was plainly visible to the
employer."  See *Trustees of Forbes Library* v. *Labor Relations Commn.,
supra* at 565 n.4.

plied to standby personnel.[3]  Babcock read the memorandum and was aware of its contents.

On May 31, 1980, Babcock, while on standby duty, drank about five beers at a barbecue.  At approximately 9:00 P.M. a car accident in Groton caused an electrical pole to fall across the road.  Babcock was called by the police to reset the pole.  There was evidence that when Babcock arrived at the scene of the emergency he was verbally abusive toward a Groton firefighter, that his speech was slurred, and that there was an odor of alcohol on his breath.  On June 2, 1980, the fire chief and one of Babcock's fellow employees who had been present at the scene of the emergency complained to the manager of the department about Babcock's conduct.  The manager started an investigation and completed it on June 4, 1980, having spoken with approximately twenty persons who had been present at the emergency scene and who described Babcock's behavior as being intoxicated and unsafe to himself and others.  At that time the manager decided to discharge Babcock.

During the afternoon of June 5, 1980, the manager and Babcock appeared at the Commission for an investigation of Babcock's charge that the department had discriminated against him with regard to his vacation time.[4]  The next morning, the manager discharged Babcock, citing as grounds his violation of the department's policy forbidding the consumption of alcoholic beverages while on standby duty and the hazard that such a violation posed to the general public.

Based on the above findings of fact, the Commission dismissed Babcock's complaint.  The Commission ruled that Babcock had sustained his burden of demonstrating that he was engaged in protected activity when he attempted to organize a union, and that the department knew of his activity. The Commission ruled, however, that Babcock had failed

---

[3] According to the Commission's findings, an employee on standby duty is on call between the hours of 4:00 P.M. and 7:30 A.M. for any emergency repairs of power lines.

[4] The Commission subsequently dismissed Babcock's charge and that dismissal is not before us.

to sustain his burden of demonstrating that the action of the department in firing him was in retaliation for his participation in protected activities.

There was substantial evidence in the record to support the Commission's conclusions. After Babcock had made a prima facie showing that he had engaged in protected activities and that the department knew of it, the department advanced a lawful reason for its decision to discharge him. It presented facts which showed that Babcock had violated its policy against the consumption of alcohol and that it had considered the violation in its deliberations prior to the discharge. See *Trustees of Forbes Library* v. *Labor Relations Commn., supra* at 566. Babcock admitted that he had violated the department's policy but argued that the department had condoned similar practices in the past. There was no evidence that management had failed to discipline known violators after the posting of the memorandum. Although Babcock showed that he had been discharged one day after the Commission hearing on Babcock's allegation of discrimination by the department in regard to his vacation time, the Commission could warrantably find on the evidence that the proximity of the two events was coincidental.

In view of all the evidence before the Commission, especially the public nature of the events of May 31, the subsequent complaints to the manager by the fire chief and Babcock's coworker, and the admission of Babcock that he violated the department's policy, the decision of the Commission was not error. The decision of the Commission is affirmed.

*So ordered.*