MARILYN M. DENNY *vs.* LABOR RELATIONS COMMISSION; MASSACHU-SETTS BOARD OF REGENTS, intervener. May 23, 1983. *Labor,* Unfair labor practice, Discharge for union activity.

In 1976, Marilyn Denny was denied tenure at Westfield State College, where she was an assistant professor of sociology. That refusal Denny attributed to labor activity on behalf of an employee organization (the Westfield State College Academic Federation), and, in consequence, she filed a complaint of prohibited practices (G. L. c. 150E, § 10[*a*][1] & [3]) with the Labor Relations Commission (commission) against the Board of Trustees of State Colleges (trustees).[1] After extensive hearings, the commission found that the refusal to grant tenure was not motivated by Denny's protected union activity, but by disapproval of Denny as a faculty colleague for reasons quite unrelated to union activity. The actual rejection was made by a vote of an ad hoc tenure committee whose decision the trustees adopted. Denny sought review under G. L. c. 30A, § 14, and judgment was entered for the commission on cross motions for summary judgment.

To the extent the record displayed examples of anti-union animus, the commission characterized them as "scattered and pallid." Rather, Denny, whatever her talents as a teacher and scholar, had, according to the commission, a penchant for turning disagreement into confrontation and had "engendered a great deal of personal hostility unrelated to her protected activity." Her own academic department, members of other departments (e.g., geography and criminal justice), and administrators described her as destructively disruptive. That reaction to Denny, as the commission observed, was a response "not prohibited by G. L. c. 150E."

---

[1]The Board of Regents in 1981 became the governing authority of Westfield State College and other public institutions of higher education in the Commonwealth. See G. L. c. 15A, § 3, inserted by St. 1980, c. 329, § 112. It was substituted for the trustees as intervener. Tenure decisions remain with the individual boards of trustees of those several institutions. See G. L. c. 15A, § 10.

Having found that Denny would have been denied tenure irrespective of her union activity, the commission correctly dismissed the complaint of prohibited practices, i.e., the commission applied the "but for" test articulated in *Trustees of Forbes Library* v. *Labor Relations Commn.*, 384 Mass. 559, 562-563 (1981). See also *Southern Worcester County Regional Vocational Sch. Dist.* v. *Labor Relations Commn.*, 386 Mass. 414, 417-419 (1982); *Babcock* v. *Labor Relations Commn.*, 14 Mass. App. Ct. 650, 651 (1982). It was only necessary for the commission, upon judicial review, to demonstrate that it acted on substantial evidence. *Southern Worcester County Regional Vocational Sch. Dist.* v. *Labor Relations Commn., supra* at 419-421. Upon review of the record before the commission, we are satisfied that there was abundant evidence from which the commission could conclude that Denny's union activity was an inconsequential factor in denying her tenure.

The commission acted within its discretion in excluding evidence concerning another faculty member, Salvidio, who was denied promotion. The purpose of the proffered evidence was to show retaliation for union activity at Westfield State College in another instance, and the evidence was rejected as too remote. There was no error. See *Maddocks* v. *Contributory Retirement Appeal Bd.*, 369 Mass. 488, 498 (1976), and cases cited therein.

*Judgment affirmed.*

*Nancy Gertner* (*Karl E. Klare* with her) for the plaintiff.
*Jean Strauten Driscoll* for the defendant.
*Mark Peters* for the intervener.