BOARD OF SELECTMEN OF NATICK *vs.* LABOR RELATIONS COMMISSION. August 24, 1983. *Labor*, Discharge for union activity. *Labor Relations Commission. Evidence*, Administrative proceeding. *Interest.*

This case is before us pursuant to G. L. c. 30A, § 15, on an appeal by the board of selectmen of Natick (town) from a Superior Court judgment which affirmed a "decision and order" of the Labor Relations Commission (commission). In its decision the commission concluded that the town had violated G. L. c. 150E, §§ 10(*a*)(1) and (3), by suspending and discharging one Charles M. MacLean from the Natick police department. The commission found that the town's actions against MacLean were prompted by MacLean's union activities as well as by his concerted protests against job assignments. The commission ordered MacLean reinstated with back pay and interest. The town contends that the court below erred in affirming the commission's order and decision for the following reasons: (1) the commission's decision is not supported by substantial evidence; (2) the commission's decision is arbitrary and capricious; (3) the commission's decision is based on unlawful procedure; (4) the commission substantially discounted a Civil Service Commission determination that MacLean was disciplined for good cause; and (5) the commission did not have the authority to award interest on back pay. We find no error and affirm the judgment.

1. In determining whether the commission's decision was based upon substantial evidence, we have reviewed the record to see if the commission was presented with "such evidence as a reasonable mind might accept as adequate to support" the conclusion reached. G. L. c. 30A, § 1(6), inserted by St. 1954, c. 681, § 1. *Trustees of Forbes Library* v. *Labor Rela-*

*tions Commn.*, 384 Mass. 559, 568 (1981). See G. L. c. 150A, § 6(*e*), (*f*); G. L. c. 30A, § 14(7) (*e*). The evidence and inferences which may reasonably be drawn from that evidence amply support the commission's findings. See *Smith College* v. *Massachusetts Commn. Against Discrimination*, 376 Mass. 221, 224 (1978). MacLean was a union officer who opposed having the police chief participate in collective bargaining negotiations between the policeman's union and the town. Chief Arena, who suspended and discharged MacLean with the selectmen's approval, was in favor of having the police chief participate. There was evidence presented that the issue was a heated one, that the chief knew of MacLean's views, and that the chief's treatment of MacLean deteriorated after MacLean became a union officer. In addition to MacLean's formal union activities, there was evidence that the chief suspended MacLean immediately after securing a joint letter from MacLean and another officer which was critical of the chief's assignment policies. A copy of the letter was also sent to the selectmen and aroused publicity in the town. This form of criticism is protected activity. See *Trustees of Forbes Library* v. *Labor Relations Commn.*, 384 Mass. at 569. Therefore, after considering all the evidence, including the evidence in opposition to the commission's findings, we find that the commission's decision and order is supported by substantial evidence. See *Southern Worcester County Regional Vocational Sch. Dist.* v. *Labor Relations Commn.*, 12 Mass. App. Ct. 189, 197-198 (1981), *S. C.*, 386 Mass. 414 (1982). The commission applied the proper test and found that MacLean would not have been discharged "but for" his protected activities. *Trustees of Forbes Library* v. *Labor Relations Commn.*, 384 Mass. at 561. Contrast *Denny* v. *Labor Relations Commn., ante* 904 (1983).

2. The commission's finding was not arbitrary or capricious and did not amount to an abuse of discretion. See G. L. c. 150A, § 6(*e*), (f); G. L. c. 30A, § 14(7) (g). Since the commission's decision is supported by substantial evidence, and there is no indication that any evidence was arbitrarily discounted, the decision cannot be considered arbitrary or capricious. See *Massachusetts Elec. Co.* v. *Department of Pub. Util.*, 376 Mass. 294, 312 (1978). Cf. *Massachusetts Gen. Hosp.* v. *Commissioner of Pub. Welfare*, 350 Mass. 712, 720 (1966).

3. The commission's decision followed a hearing in which lawful procedure was followed. See G. L. c. 30A, § 14(7) (*c*), (*d*). In a hearing before the commission the technical rules of evidence are not binding. G. L. c. 150E, § 11. G. L. c. 30A, § 11(2). Although hearsay was admitted at the hearing, it was the type of hearsay that could reasonably be accepted in the circumstances, and it was supported by nonhearsay evidence. See *Burlington Package Liquors, Inc.* v. *Alcoholic Beverages Control Commn.*, 7 Mass. App. Ct. 186, 189-190 (1979); *Boylston-Washington, Inc.* v. *Alcoholic Beverages Control Commn.*, 8 Mass. App. Ct. 396, 398-400 (1979).

4. The fact that the Civil Service Commission previously found that the police chief had "just cause" for disciplining MacLean does not preclude the Labor Relations Commission from examining the situation to determine whether the discipline was actually meted out in retaliation for employee participation in protected activities. See *Dedham* v. *Labor Relations Commn.*, 365 Mass. 392, 404 (1974). The Civil Service Commission relied upon the following two incidents which were consistently advanced by the town as the reasons, respectively, for the suspension and discharge of MacLean: a paid work detail at a high school dance during which MacLean admittedly danced two or three dances with high school students, and a discussion among MacLean, the police chief, and one officer Mahaney concerning a switch in assignments which Mahaney recorded on a tape recording without the police chief's knowledge but with MacLean's knowledge. However, in relying on these incidents the Civil Service Commission properly focused upon the question of whether there was "just cause" for discipline. See *id.* at 396-397, 401-402. The Labor Relations Commission, as previously noted, considered all of the circumstances to determine whether the suspension and discharge would have occurred "but for" MacLean's protected activities. *Trustees of Forbes Library* v. *Labor Relations Commn.*, 384 Mass. at 561. The test applicable to the present appeal is whether the Labor Relations Commission's decision is supported by substantial evidence, and we have held that it is.

5. The commission has the authority to grant interest on awards of back pay and properly awarded interest in this case. G. L. c. 150E, § 11. *School Comm. of Newton* v. *Labor Relations Commn.*, 388 Mass. 557, 579 (1983).

*Judgment affirmed.*

*Michael C. Lehane* for the plaintiff.

*Diane M. Drapeau* for the defendant.

*Robert J. Canavan,* for International Brotherhood of Police Officers, intervener.