TOWN OF BURLINGTON vs. LABOR RELATIONS COMMISSION.

Suffolk.  April 25, 1983. — January 23, 1984.

Present: BROWN, ROSE, & DREBEN, JJ.

*Labor,* Unfair labor practice. *Labor Relations Commission. Administrative Law,* Substantial evidence.

A deputy fire chief who was a candidate for promotion to the temporary management position of acting fire chief was protected by G. L. c. 150E, § 10 (*a*) (3), which prohibits a public employer from discriminating against an employee in regard to any term or condition of employment on the basis of that employee's labor union activity. [404-405]

In an unfair labor practice proceeding, substantial evidence supported a finding by the Labor Relations Commission that, but for his union activity, a deputy fire chief would have been promoted to the position of acting fire chief.  [405-406]

APPEAL from a decision of the Labor Relations Commission.

*Elizabeth A. Lane* for the plaintiff.

*Sarah P. Garraty* for the defendant.

*Jonathan P. Hiatt & Nancy B. B. Lassen,* for Massachusetts Professional Firefighters Association, amicus curiae, submitted a brief.

ROSE, J.  The town appeals pursuant to G. L. c. 150E, § 11, as amended through St. 1981, c. 351, §§ 243-245, from a "Decision and Order" of the Labor Relations Commission (commission).  The commission ruled that the town had violated G. L. c. 150E, § 10(*a*)(1) and (3), by refusing to promote Deputy Fire Chief Phillip Pollicelli to the temporary management position of acting fire chief and concluded, based on findings of a hearing officer, that Pollicelli would have been promoted but for his association with the union.

The town claims that a promotion to a managerial position is not covered by G. L. c. 150E, § 10(*a*)(3), and that there was not substantial evidence to support the commission's finding that, but for his union activities, Pollicelli would have been promoted. The commission adopted the findings of the hearing officer, and there is no dispute as to the latter's subsidiary findings.

Under Burlington's charter, the town administrator is authorized to recommend to the board of selectmen (board) persons for appointment to the position of acting fire chief. In July, 1981, Robert Mercier, then the town administrator, recommended that Deputy Chief Rice be promoted to acting chief. In his memorandum to the board of selectmen recommending Rice, Mercier indicated that he had weighed four factors in reaching his recommendation: educational advancement; experience in the field; professional management characteristics; and the needs of the town for the future. Mercier stated that he had "philosophical problems with . . . key management people being a part of the local union . . . [in that] a question of leadership allegiance comes into play." The board of selectmen, in reliance on Mercier's recommendation, promoted Deputy Chief Rice to the position of acting chief.

Pollicelli, the other deputy chief in the fire department, had previously served as acting chief on two separate occasions. His performance on those occasions had been praised by other firefighters, and he had received no criticism from the town administrator, board of selectmen, or the fire chief. Pollicelli had served as secretary of the local union and had been an active and vocal union member since 1975. Deputy Chief Rice, while also a member of the local union, was not heavily involved in its activities. He had never served as acting fire chief.

Prior to submitting his July memorandum, Mercier had a conversation with Pollicelli about the position of acting chief in which Mercier indicated that, although he found both candidates equally qualified, Pollicelli's union involvement "tipped the scales in behalf of Rice."

Based upon this evidence, the hearing officer found that the board would have promoted Pollicelli "but for" his protected union activities. See *Selectmen of Natick* v. *Labor Relations Commn.*, 16 Mass. App. Ct. 972, 973 (1983). Contrast *Denny* v. *Labor Relations Commn.*, 16 Mass. App. Ct. 904, 905 (1983). The commission, referring to the standards and burden of persuasion set forth in *Trustees of Forbes Library* v. *Labor Relations Commn.*, 384 Mass. 559, 563, 565-566 (1981), reached the same conclusion.

1. Managerial employees[1] are not protected by the prohibitions against anti-union discrimination. The town does not argue that Pollicelli's position as deputy fire chief makes him a managerial employee. See *Local 1111, Intl. Assn. of Fire Fighters* v. *Labor Relations Commn.*, 14 Mass. App. Ct. 239, 240-241 (1982). In fact, the town admitted that he was a public employee within the meaning of section 1 of G. L. c. 150E, and that he was a member of the collective bargaining unit represented by the union. What the town contends is that employees under consideration for promotion to management are excluded from the protections afforded under § 10(a)(3) of the act which prohibit discrimination in regard to any term or condition of employment. It is settled that promotional opportunities constitute terms and conditions of employment and that a

---

[1] General Laws c. 150E, § 1, as amended through St. 1977, c. 278, § 1, defines an employee as "any person in the executive or judicial branch of a government unit employed by a public employer except elected officials, appointed officials, members of any board or commission, representatives of any public employer, including the heads, directors and executive and administrative officers of departments and agencies of any public employer, and other managerial employees or confidential employees. . . . Employees shall be designated as managerial employees only if they (a) participate to a substantial degree in formulating or determining policy, or (b) assist to a substantial degree in the preparation for or the conduct of collective bargaining on behalf of a public employer, or (c) have a substantial responsibility involving the exercise of independent judgment of an appellate responsibility not initially in effect in the administration of a collective bargaining agreement or in personnel administration."

denial of a promotion based upon an employee's union activity is a prohibited practice under G. L. c. 150E, § 10(a) (1) and (3). See *Town of Swansea*, 3 M.L.C. 1484, 1487 (1977); *City of Malden*, 5 M.L.C. 1752, 1766 (1979); *Town of Pembroke*, 7 M.L.C. 1600, 1604 (1980). The focus of our analysis, accordingly, is whether Pollicelli, as a *candidate* for a management position, was covered under G. L. c. 150E.

Because G. L. c. 150E, the Commonwealth's labor relations act, is analogous to the provisions of the National Labor Relations Act (NLRA), 29 U.S.C. §§ 151 et seq. (1976), we may look to cases decided under that act for guidance. See *Trustees of Forbes Library* v. *Labor Relations Commn.*, 384 Mass. at 562 n.2. The protections of the act are applicable during the period an employee is "a protected employee . . . and it is immaterial that the protection thereby afforded was calculated to enable him to obtain a position in which he would no longer be protected." *NLRB* v. *Bell Aircraft Corp.*, 206 F.2d 235, 237 (2d Cir. 1953). The United States Supreme Court has also approved similar language. *Golden State Bottling Co.* v. *NLRB*, 414 U.S. 168, 188 (1973), quoting from 467 F.2d 164, 166 (9th Cir. 1972). See also *Oil, Chemical & Atomic Workers Intl. Union* v. *NLRB*, 547 F.2d 575, 589 (D.C. Cir. 1977); contrast *NLRB* v. *Ford Motor Co.*, 683 F.2d 156, 158 (6th Cir. 1982). It follows that the town is mistaken in its contention that Pollicelli, as a candidate for the managerial job, was outside of the coverage of the statute. The next inquiry is whether the commission properly applied the "but for" test.

2. In reviewing a decision of the commission, this court "may only disturb the decision for one of the causes set forth in [G. L. c. 30A, § 14 (7)(a) - (g)]." *Burlington* v. *Labor Relations Commn.*, 390 Mass. 157, 161 (1983). The plaintiff has argued on appeal that the commission's decision was based upon an error of law and that it was unsupported by substantial evidence. See G. L. c. 30A, § 14(7)(c) and (e).

The commission properly applied the "but for" standard of evaluation of the town's actions. That standard requires

a finding by the commission that the employee would have been promoted "but for" his protected activity. See *Southern Worcester County Regional Sch. Dist.* v. *Labor Relations Commn.*, 386 Mass. 414, 418 (1982), citing *Trustees of Forbes Library* v. *Labor Relations Commn.*, 384 Mass. at 561, 562 (applying "but for" test to unlawful discharge cases). See also *International Bhd. of Police Officers* v. *Labor Relations Commn.*, 11 Mass. App. Ct. 269, 274 (1981).

Based on the record before this court, we cannot say the commission lacked substantial evidence to make its determination. See *Southern Worcester County Regional Sch. Dist.* v. *Labor Relations Commn.*, 386 Mass. at 420; *Babcock* v. *Labor Relations Commn.*, 14 Mass. App. Ct. 650, 652 (1982). The selectmen's choice of Pollicelli as acting chief on two previous occasions, his apparently commendable service in that capacity, and the town administrator's statements that Pollicelli's union activity tipped the balance "presented [the commission] with 'such evidence as a reasonable mind might accept as adequate to support' the conclusion reached. G. L. c. 30A, § 1(6), inserted by St. 1954, c. 681, § 1". *Selectmen of Natick* v. *Labor Relations Commn.*, 16 Mass. App. Ct. at 972.

The decision of the commission is affirmed.

*So ordered.*