## NATIONAL ASSOCIATION OF GOVERNMENT EMPLOYEES *vs.* LABOR RELATIONS COMMISSION.

No. 01-P-1507.

Suffolk. February 7, 2003. - October 2, 2003.

Present: LAURENCE, GELINAS, & MILLS, JJ.

*Administrative Law,* Judicial review. *Labor Relations Commission. County,* Employees. *Commonwealth,* Officers and Employees.

This court concluded that the Labor Relations Commission (commission) correctly dismissed a plaintiff's charge of prohibited practice, originally brought on behalf of a county employee against a county that was abolished while the charge was pending before the commission, where the plaintiff failed to identify the proper employer for purposes of G. L. c. 150E. [473-475]

APPEAL from a decision of the Labor Relations Commission.

*Michael E. Williams* for the plaintiff.

*Marjorie F. Wittner* for the defendant.

GELINAS, J. We consider in this appeal the correctness of the Labor Relations Commission's (commission's) dismissal of a charge originally brought against the county of Essex. The county was abolished while the charge was pending before the commission. The commission determined that the National Association of Government Employees failed to identify the proper employer.

The facts are not in dispute. The National Association of Government Employees (NAGE) filed a charge of prohibited practice and demand for arbitration with the commission on June 30, 1999, on behalf of Richard Geloti, at that time an employee in the office of the Essex County engineer. On July 1, 1999, pursuant to St. 1998, c. 300, the county of Essex was abolished; all functions, assets, liabilities and control of county business were transferred to the Commonwealth and made

subject to St. 1997, c. 48.[1] On March 3, 2000, the commission directed the parties to show cause why the commission should or should not consider the Commonwealth as the employer for the purposes of G. L. c. 150E. Neither NAGE nor the now nonexistent county responded. The Commonwealth submitted a response in which it asserted that, pursuant to St. 1997, c. 48, § 14, the sheriff of the abolished county, continuing in office as an employee of the Commonwealth, was the employer for purposes of G. L. c. 150E, § 1.[2] The commission then dismissed the charge, stating that it was incumbent on NAGE, as the charging party, to identify the proper employer for the purposes of c. 150E, and that it had failed to do so. NAGE sought reconsideration, arguing principally that general provisions of the two acts dealing with the abolition of counties were sufficient for the commission to determine that the Commonwealth, in the person of the Secretary of Administration and Finance, was the employer for the purposes of c. 150E. After reconsideration, the commission determined that NAGE had failed to refute the Commonwealth's argument that § 14 designated the sheriff as the "employer" as defined in G. L. c. 150E, § 1, and affirmed the dismissal.

The parties do not contest that the commission's prehearing dismissal was a "final order" reviewable under G. L. c. 150E, § 11, see *Quincy City Hosp.* v. *Labor Relations Commn.*, 400 Mass. 745, 747 (1987), or that in conducting this review, we are governed "insofar as applicable" by the provisions of G. L. c. 30A, § 14. See G. L. c. 150E, § 11. We will affirm the commission's decision, unless "the substantial rights of any party have been prejudiced," for one of the reasons set forth in G. L. c. 30A, § 14(7), and we accord considerable deference to the commission's disposition of a charge. See *Quincy City Hosp.* v. *Labor Relations Commn.*, *supra* at 748; *Brookline* v. *Commis-*

---

[1] The statute also authorized the "formation of regional councils of government to administrate and provide regional services."

[2] Statute 1997, c. 48, § 14, provides: "Notwithstanding the provisions of any general or special law to the contrary, the sheriff of an abolished county shall be considered an 'employer' as said term is defined in section 1 of chapter 150E of the General Laws for the purposes of said chapter 150E." Statute 1997, c. 48, and St. 1998, c. 300, make no other reference to an "employer" for the purposes of G. L. c. 150E.

*sioner of the Dept. of Envtl. Quality Engr.*, 398 Mass. 404, 411 (1986).

A charging party bears the initial burden of proof with respect to matters alleged in the charge. See *Quincy City Hospital, supra* at 749 (charging party has burden of establishing that union had engaged in prohibited practice); *Massachusetts Bd. of Regional Community Colleges* v. *Labor Relations Commn.*, 377 Mass. 847, 852 (1979) (burden of proof concerning alleged improper termination of teacher properly placed on charging party); *Babcock* v. *Labor Relations Commn.*, 14 Mass. App. Ct. 650, 651-652 (1982) (charging party bears over-all burden of proof; charged party has burden only of producing evidence). We think the commission is correct in its determination that the charging party, in this case NAGE, has the burden of naming the proper employer.

While, in other circumstances, our courts have held that the identification of an employer for the purposes of G. L. c. 150E is a pure question of law, *Gallagher* v. *Metropolitan Dist. Commn.*, 371 Mass. 691, 699 (1977) (question whether Metropolitan District Commission [MDC] employees are State employees for the purposes of G. L. c. 150E is a pure question of law the resolution of which is not uniquely committed to resolution through administrative fact-finding), we think that case differs from the case now before us and that in this instance the determination of the proper employer was a question of fact. In *Gallagher*, the inclusion of the word "district" in the statute called into question whether as matter of law the MDC was a "district" for collective bargaining purposes under the definition of "public employer" in G. L. c. 150E, § 1.[3] It was the commission's position, and we agree, that the statutes abolishing Essex County and transferring essential functions to the Commonwealth and regional services to "regional councils of government," with a sole reference to the sheriff as "employer" for the purposes of G. L. c. 150E (albeit the reference was to "an" employer) created some uncertainty and confusion as to

---

[3]In pertinent part, G. L. c. 150E, § 1, as amended by St. 1997, c. 66, § 22, defined "employer" or "public employer" as "the commonwealth acting through the commissioner of administration, or any county, city, town, district, or other political subdivision acting through its chief executive officer . . . ."

who should be named as employer in place of Essex County for the purpose of this charge. As the commission considered the identity of the employer to be uncertain under the statute, it was well within its authority in requesting that the parties provide assistance for determination of the employer's actual identity. See G. L. c. 150, § 11 (upon filing of complaint, commission may order further investigation).

By way of analogy, in claims under G. L. c. 152, the Workers Compensation Act, "[i]f in the performance of his work an individual is at all times bound to obedience and subject to direction and supervision as to details, he is an employee; but if he is only responsible for the accomplishment of an agreed result in an agreed manner, he is an independent contractor." *O'Malley's Case,* 361 Mass. 504, 505 (1972). To determine whether one is an employee or an independent contractor, we look to certain indicia of the employment relationship. Whether an individual is an employee, thus positing the existence of an employer, or whether the individual is an independent contractor is ordinarily a question of fact. *Thorson* v. *Mandell,* 402 Mass. 744, 747 (1988). *Rowe* v. *Arlington,* 28 Mass. App. Ct. 389, 391 (1990). The primary test is whether one has a right to control the individual's work performance. *Silvia* v. *Woodhouse,* 356 Mass. 119, 124 (1969). *Commonwealth* v. *Savage,* 31 Mass. App. Ct. 714, 717 (1991).

In addition to control and supervision, relevant factors in identifying an employer may include the method of payment; the skill required in the occupation in question; the purported employer's provision of tools, instrumentalities, and a place of work; and the parties' understanding of the nature of the relationship created. See *Khoury* v. *Edison Elec. Illuminating Co.,* 265 Mass. 236, 238 (1928); *Chase* v. *Independent Practice Assn.,* 31 Mass. App. Ct. 661, 665 (1991); *Commonwealth* v. *Savage, supra* at 717-718; Restatement (Second) of Agency § 220 (1957).

In its own decisions determining whether one is an employer, the commission has considered as evidence whether the charged party hired the employee; had the authority to discipline, transfer, and discharge the employee; set the wage rate for the employee; determined the employee's job assignment; or was

responsible for reporting and remitting deductions for unemployment, social security, and Federal and State withholding taxes. See *Boston & Boston Teachers Union, Local 66, AFT, AFL-CIO,* 16 MLC 1254, 1261 (1989); *Worcester Sch. Comm. & Dist. 65, UAW Teamsters, Local 170 & Educ. Assn. of Worcester/ MTA/NEA,* 13 MLC 1471, 1484 (1987). We recognize that the commission's decisions are not binding on this court; however, we conclude that consideration of these factors is appropriate in determining whether the charged party is or is not an employer.

We agree with the commission that NAGE's simple assertion on its motion for reconsideration that by statute the Commonwealth had assumed all assets and liabilities of the abolished county was insufficient to resolve the confusion whether the sheriff or some other Commonwealth entity was the employer. At no point did NAGE offer evidence of indicia of employment as outlined above, nor did NAGE allege sufficient other facts to support its claim that the Commonwealth, and not the sheriff, should be considered the employer for purposes of G. L. c. 150E.

> *Order dismissing the charge affirmed.*