Curran, Dennis J., J.
Introduction
MIAA Property & Casualty Group, Inc. has sued the law firm of Seewald, Jankowski & Spencer, P.C., the law firm’s partner, Alan Seewald, and its associate, Kristi A. Bodin, for legal malpractice. The defendants have moved for summary judgment claiming that this action is really an action for subrogation and assert that they cannot be sued because they enjoy insured status under an insurance policy issued by MIAA. MIAA counters that the insurance policy cannot plausibly be so construed. The MIAA is correct. Thus, the motions for summary judgment must be DENIED.
I. BACKGROUND
A. The Defendants
The plaintiff MIAA is a self-insurer formed to pool insurance liability for Massachusetts cities and towns. The Town of Westminster is a member of this municipal insurance pool. Westminster hired the defendant law firm of Seewald, Jankowski & Spencer, P.C. to represent its Conservation Commission in a lawsuit against SBT Holdings, Inc. The law firm also provides comprehensive legal services to individuals and businesses, serves as special counsel to cities, towns, and public agencies, including the Towns of Amherst and Westminster, and as general counsel to the Amherst-Pelham Regional School District and the Hampshire Regional School District.
The individual defendant Seewald is a partner in the law firm that bears his name. From 2003 through 2010, he served as Town Counsel for Westminster, having been appointed each year by its Selectmen.
Bodin was an associate who worked for Seewald, Jankowski & Spencer, P.C. She was notTown Counsel, was not appointed to any office or position within the Town, and no Town official ever supervised or controlled her work. Further, she had no office within the Town. Bodin’s law practice concentrates on, among other areas, municipal law, construction law, and small business formation. She also serves as assistant counsel to the Bondsville Fire and Water District and represents the Hampshire Regional School District and other cities and towns.
In 2007, SBT sued the Town of Westminster, its Conservation Commission and other Town officials in the federal court. The MIAA defended and indemnified the Town, and various town officials. MIAA and the Town now seek to recover their damages, including the expenses from that lawsuit, from the defendants.
B. The Insurance Policy
MIAA’s insurance policy for the Town had a Public Officials Liability Provision, which stated in part:
PUBLIC OFFICIALS LIABILITY POLICY I. COVERAGE GRANTED
A. We will pay those sums that the insured becomes legally obligated to pay as damages resulting from ‘claims’ against the insured by reason of ‘wrongful act(s)’ to which this coverage applies .. . We will have the right and duty to defend any ‘claim’ or ‘suit’ seeking those damages. However, we will have no duty to defend any ‘claim’ or ‘suit’ seeking damages to which this coverage does not apply. We may, at our discretion, investigate any ‘wrongful act’ and, with your consent, settle any ‘claim’ or ‘suit’ that may result. But:
(1) The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (SECTION m); and
(2) Our right and duty to defend end when we have used up the applicable Limits of Insurance in the payment of judgments or settlements . . .
B. This coverage applies only if a ‘claim for damages’ because of ‘wrongful act’ is first made against any insured during the contract period shown in the Declarations and a written notice pursuant to Condition 4.b or 4.c of PUBLIC OFFICIALS LIABILITY *510 (SECTION VI) is received by us during the contract period or within sixty (60) days thereafter . . .
II. WHO IS AN INSURED
Each of the following is an insured:
(1) You, the public entity named in item No. 1 of the Declarations.
(2) Your past, present and future executive officers, other elected, appointed or employed officials, officially appointed members of commissions, committees, agencies, boards or other units operating under your jurisdiction and within an apportionment of your total operating budget, while acting within the scope of their duties as such.
(3) Your ‘employees,’ but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business . . .
The law firm and attorneys Seewald and Bodin claim that they qualify as “insureds.”
II. DISCUSSION
A.Alan Seewald
The insurance policy defines insured individuals as including “executive officials, officially appointed or employed officials . . . operating under your [Town’s] jurisdiction . . .” Clearly, Seewald was an appointed official because the Town Selectmen, acting under the authority of its municipal code §22.1, annually appointed him to a one year position of Town Counsel from 2003 through 2010. The question remains, however, as to whether he operated under the Town’s jurisdiction.
The term “jurisdiction” may be defined as control. See Commonwealth v. Considine, 448 Mass. 295, 300-01 (2007) (as applied to a police officer acting beyond his power). See also Haverty v. Commissioner of Correction, 437 Mass 737, 762 (2002). To assist in this inquiiy, however, we return to the municipal code.
The responsibilities of Town Counsel include “. . . conducting] the prosecution or defense of claims, actions and proceedings in which the town is a party and [ ] prosecuting] actions and proceedings by or on behalf of any town officer, board, commission or committee when the Selectmen, having determined that any rights or interests of the town are or may be involved therein, shall so request**** Other legal services, as needed, may be obtained with the approval of the Board of Selectmen.” (Emphases added).
At first blush, the highlighted language would appear to place Seewald under the Town’s control. But the Code’s strictures are not absolute. While it is true that the Town must first authorize a particular prosecution or defense, it is the attorney who is accorded the professional judgment and discretion by which the process is conducted and the result achieved. The Town is arguably one of Seewald’s several (or many) clients which include other cities, towns, public boards and agencies.
By extension of Seewald’s argument, he labors under the jurisdiction of each such client. This cannot be fairly said. Put another way, if asked by any other client, would Seewald freely admit that he worked under one client’s “jurisdiction"? To the contrary, although the Town’s initial authority is required to commence or defend an action or claim, the manner and means of a achieving the Town’s goals—whatever they may be—rest on Seewald’s shoulders.
The Town did not control Seewald or direct how he worked. He maintained no office within the Town. It never issued him a paycheck; instead, he was paid only for hours worked and invoiced. In any particular year, he could theoretically work exclusively—or not at all—for the Town. Given that wide range of time commitment, it cannot be plausibly maintained that he worked “under the [Town’s] jurisdiction.”
For these reasons, Seewald is not an “insured” under the policy. Accordingly, summary judgment must be DENIED as to him.
B.Kristi A. Bodin
Bodin is an associate at the law firm. She was neither an executive officer nor an officially appointed member of the Town. She was an employee of the law firm, not the Town. The Town had no control over her work schedule, the type of work she performed, or how she performed it.
She, too, had no office at the Town.
None of the usual employer-employee indicia—con-trol, pay, skill level, place of work or parties’ understanding of their relationship—support the claim that she was an employee. National Association of Government Employees v. Labor Relations Commission, 59 Mass.App.Ct. 471, 474 (2003).
In sum, Bodin was also not an insured under the policy.
C.Seewald, Jankowski & Spencer, P.C.
Seewald, Jankowski & Spencer, P.C., a law firm, is an “independent, legal entity separate and distinct.” Spaneas v. Travelers Indemnity Co., 423 Mass. 352, 354 (1996). The policy distinguishes between entities and individuals. It states that, “You [Town], the public entity named in item No. 1, Declarations” is an insured. The policy also covers “executive officials, other elected, appointed or employed officials, officially appointed members of the commissions, committees, agencies, boards or other units operated under the [Town’s] jurisdiction” or those who fall under the definition of “employee” under the policy. Other than the Town, no other entities are listed as insureds under the policy. Seewald, Jatikowski & Spencer, P.C. does not fall within the definition of an official, officer, or member of any board, commission, agency or other such entity.
The law firm claims that it had an arrangement by which it provided legal advice to the Town, and seeks the umbrella of insurance protection as town counsel to avoid liability. The Town denies this, creating a genuine issue of material fact, for resolution another day.
The federal district court decision to extend public lawyers’ liability to the law firm because of Seewald’s *511 actions as a public attorney, while relevant, is not controlling. Rather, it is the policy language that governs. Accordingly, the defendant law firm’s motion for summary judgment must be denied.
CONCLUSION
Reduced to its essence, this is not a case about subrogation, but legal malpractice. It should proceed.
The defendants’ motion for summary judgment must be DENIED.
ORDER
For these reasons, the defendants’ motion for summary judgment is hereby DENIED.